824 F.2d 976
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Milford E. BRABY, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 Appeal No. 87-3095.
 United States Court of Appeals, Federal Circuit.
 April 10, 1987.
 
 M.S.P.B.
 REMANDED.
 Before RICH, DAVIS and SMITH, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (MSPB or Board), affirming respondent's refusal to further waive the requirement that petitioner repay a prior overpayment of his civil service retirement annuity, is remanded for further consideration.
 
 OPINION
 
 2
 Petitioner is eligible for and has been receiving a civil service retirement annuity. Respondent Office of Personnel Management (OPM) determined on reconsideration that petitioner had previously received overpayments of that annuity in the amount of $23,568. This overpayment had not come about by reason of Braby's fault. It was also determined that he was eligible for a partial waiver of that overpayment in the amount of $14,666[1] but would have to refund the remainder of the debt, i.e., $8,764;[2] this latter amount would be collected from his on-going annuity payments by 35 monthly installments of $243 and one installment of $259.
 
 
 3
 On appeal to the MSPB, petitioner argued that it would be a financial hardship to have those sums taken from his on-going annuity and therefore it would be against equity and good conscience not to waive that portion of the overpayment. (The statute--5 U.S.C. Sec. 8346--prohibits recovery of an overpayment when "recovery would be against equity and good conscience." 5 C.F.R. Sec. 831.1403(a)(1) then provides that a recovery causing "financial hardship" is against good conscience.) The Board's administrative judge determined that petitioner did not show that these criteria were met. Before the MSPB, petitioner submitted only a very sketchy and incomplete itemization of his monthly expenses and the administrative judge found that this was insufficient evidence. We have no doubt that this decision was correct on the basis of the information then before the administrative judge.
 
 
 4
 However, petitioner very shortly appealed to this court and on October 28, 1986 (about a month after the date of the administrative judge's decision) Braby wrote a letter to this court fully itemizing his expenses (for the first time). This calculation states that his monthly expenses amount to $888.20 while his civil service annuity ($808) and his social security award ($373) total $1181. The difference is $292.80 per month. Petitioner states that, if he had to lose $243 by offset (as determined by OPM), he would be left with only $49.80 for unanticipated or extra expenses--which he characterizes as insufficient.
 
 
 5
 The Government contends that this belated submission to the court was not before the MSPB and should not be considered by us. This is, of course, the normal rule, but petitioner has been acting pro se (there is no indication that before OPM or the Board he had legal or expert advice) and can therefore be relieved from some of the ordinary rules justice usually enforces. In this instance we think that "equity and good conscience" (the statutory words) warrant the remand of the case to the MSPB so that further consideration can be given there to the new itemization petitioner has presented to this court. We do not mandate any further waiver; all we do is direct further consideration by the Board of the possibility of waiver.
 
 
 
 [1]
 This waiver was based on OPM's policy of waiving amounts accrued more than three years prior to the date of OPM's overpayment notice to petitioner
 
 
 [2]
 Apparently petitioner has already repaid $138